UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>    CONCEPTS AMERICA, INC.,<br><br>    Debtor. | Case No. 14 B 34232<br><br>Chapter 7 |
| BRIAN AUDETTE, not individually but as Chapter 7 Trustee of the Estate of Concepts America, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>TED KASEMIR, et al.,<br><br>    Defendants. | Adv. No. 16 A 691<br><br>Judge Pamela S. Hollis |

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Defendants Rachel Dennis and R Consulting Company (EOD 102) to dismiss the complaint filed by Brian Audette, Chapter 7 Trustee of the Estate of Concepts America, Inc. In this ruling, the court addresses the Defendants' request to dismiss Counts V and VI.[1]

Having reviewed the Third Amended Complaint, the motion to dismiss, and the memoranda filed in support of and in response to the motion, the court grants the motion to dismiss. Count V will be dismissed as to Rachel Dennis and Count VI will be dismissed as to R Consulting Company.

---

[1] The request to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 8 and 10 has been withdrawn pursuant to the Agreed Order Granting Leave to File Third Amended Complaint and Partially Resolving Certain Motions to Dismiss at EOD 236. Pursuant to that same Agreed Order, R Consulting's motion to dismiss with respect to Count V has been mooted, since R Consulting is no longer a defendant to Count V. Finally, although the motion to dismiss was originally filed in response to the Second Amended Complaint, the Agreed Order deemed it to be filed with respect to the Third Amended Complaint.

## BACKGROUND

In resolving a motion to dismiss, the court considers well-pleaded facts and the reasonable inferences drawn from them in the light most favorable to the plaintiff. Reger Dev., LLC v. National City Bank, 592 F. 3rd 759, 763 (7th Cir.), cert. denied, 561 U.S. 1026 (2010). For purposes of deciding this motion, the court accepts the following well-pleaded facts as true:[2]

Concepts America, Inc. ("Concepts") is the debtor in the underlying bankruptcy case. It is an Illinois corporation with its principal office and place of business at 1840 Pickwick Lane in Glenview, Illinois. Third Amended Complaint, EOD 237 at ¶ 12.[3]

All Concepts employees worked at 1840 Pickwick unless they were traveling or working from home. Concepts leased 1840 Pickwick for $10,000 per month. ¶ 96 and 98.

Defendants Ted Kasemir ("Kasemir") and Roger Greenfield ("Greenfield") each own 50% of the stock in Concepts. ¶ 12-14. They were its sole officers as Secretary/Treasurer and President, respectively. ¶ 48. Concepts does not have, and has never had, a board of directors. ¶ 49.

Debtor Concepts served as a holding and management company for a group of restaurants that was controlled, operated and either directly or indirectly owned by Greenfield and Kasemir. ¶ 2.

Each restaurant was owned by its own holding company ("HoldCo"), with the HoldCos either owned by Concepts (the "Concepts-Owned HoldCos") or by Kasemir and/or Greenfield (the "Insider-Owned HoldCos"). ¶ 2, 42-43.

---

[2] There are many more allegations in the complaint; these are the allegations relevant to this Memorandum Opinion. More background can be found in: the Order Granting Motion to Dismiss Count XVII at EOD 183; the Memorandum Opinion at EOD 201; the Memorandum Opinion at EOD 221; the Memorandum Opinion at EOD 234; and the Memorandum Opinion at EOD 248.

[3] All further citations in the format "¶__" are to the Third Amended Complaint at EOD 237.

The Trustee uses the term the "Restaurant Group" to refer collectively to Concepts, all HoldCos for which Concepts provided common services, 1840 Pickwick, LLC, Restaurants-America Consulting Group, Inc., d/b/a Restaurants America ("RA Consulting") and Restaurants-America Trademark, Inc. ("RA Trademark"). ¶ 44. Greenfield and Kasemir operated the Restaurant Group as a single economic unit. ¶ 52.

Through Greenfield, Kasemir and its employees, Concepts helped develop new restaurants, provided legal, financial, operational and managerial services to the restaurants, and provided cash management services to all the Restaurant Group entities. ¶ 50. There were no management agreements between Concepts and any of the HoldCos. ¶ 51.

Concepts also guaranteed leases for the HoldCos. It received no compensation or reimbursement for any of the services it rendered, including provision of the guarantees. ¶ 50-51.

Defendant Rachel Dennis is an individual residing in Illinois. She was general counsel for Concepts as well as the HoldCos, RA Consulting, RA Trademark and 1840 Pickwick. ¶ 16.

Defendant R Consulting is an Illinois corporation owned by Dennis with its principal place of business in Oak Park, Illinois. ¶ 17.

By January 2012, Concepts was bouncing checks. Over the course of 2012, well over 100 checks from one of its accounts were returned for non-sufficient funds. ¶ 109.

Lease defaults by HoldCos were also beginning to mount in 2012, and landlords were increasingly looking to Concepts to satisfy its guaranty obligations. Greenfield and Kasemir knew that additional locations – all of which had Concepts-guaranteed leases – were unprofitable and likely to default in 2013. ¶ 110.

Kasemir knew Concepts was unable to pay its bills as they came due in 2012 and that its financial condition continued to worsen into 2013. ¶ 111.

Concepts was insolvent by at least the beginning of 2012, and has remained insolvent through the date of the filing of this complaint. ¶ 112.

Nevertheless, from 2011 through mid-2013, Concepts used certain bank accounts to pay millions of dollars in expenses for HoldCos without any expectation of repayment. These expenses included a wide range of restaurant operating costs as well as costs required to develop HoldCos owned by Kasemir and Greenfield and associated restaurants. ¶ 80.

Knowing that Concepts and the Restaurant Group were insolvent and facing landlord claims, Greenfield began to pursue new restaurant ventures outside of Concepts, sometimes in partnership with Dennis. ¶ 140.

On December 11, 2012, a new entity called Smith & Wells, LLC was formed with the Illinois Secretary of State listing R. Kymn Harp, Concepts' outside counsel, as its registered agent. Smith & Wells was formed to develop and own, and currently does own, "Randolph Tavern" restaurant at 188 W. Randolph Street in Chicago, Illinois. ¶ 141.

According to Greenfield, Smith & Wells is owned by his wife, Jennifer, and Dennis. Upon information and belief, Greenfield, Dennis and Jennifer have developed other Chicago-area restaurants since 2012 without routing those opportunities through Concepts, including: Jackson Tavern located at 216 W. Jackson Street in Chicago (owned by 216 Restaurant LLC); Lake Street Kitchen & Bar located at 410 Circle Avenue in Forest Park, Illinois (owned by Lake Restaurant & Bar LLC); and Madison Tavern located at 500 W. Madison Street in Chicago (together with Randolph Tavern, the "New Greenfield-Dennis Restaurant Ventures"). ¶ 142.

Dennis participated in the New Greenfield-Dennis Restaurant Ventures through R Consulting. Upon information and belief, R Consulting is a single-purpose entity formed to route management fees to Dennis and/or disguise her involvement in the New Greenfield-Dennis Restaurant Ventures. ¶ 143.

Concepts owned HoldCos and associated restaurants, and through its employees it developed and/or operated most of the restaurants in the Restaurant Group. It did so by providing legal, financial and managerial services, paying rent on their common office space and guaranteeing their leases. ¶ 209.

Concepts continued to have the capacity to develop and operate restaurants even after it became insolvent. ¶ 210.

Concepts provided development and other services to the New Greenfield-Dennis Restaurant Ventures, and was the ultimate source of funds for at least some of the New Greenfield-Dennis Restaurant Ventures' development expenses. ¶ 215.

Dennis benefitted from the New Greenfield-Dennis Restaurant Ventures through management fees paid to R Consulting and receipt of ownership and net profits. ¶ 216.

On September 19, 2014, an involuntary petition was filed against Concepts. On November 18, 2014, an order for relief was entered pursuant to Chapter 7 of the Bankruptcy Code.

## LEGAL DISCUSSION

Dennis and Consulting move to dismiss Counts V and VI of the Amended Complaint pursuant to Fed. R. Bankr. P. 7012(b), which incorporates Fed. R. Civ. P. 12(b)(6). They argue that each count fails to state a claim upon which relief may be granted.

As the Seventh Circuit recently instructed:

> In evaluating the sufficiency of the complaint, we construe it in the light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in [the nonmoving party's] favor. Although a party need not plead detailed factual allegations to survive a motion to dismiss, mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Instead, [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

Berger, et al. v. National Collegiate Athletic Ass'n, et al., 843 F. 3rd 285, 289-90 (7th Cir. 2016) (citations and quotations omitted).

Ashcroft v. Iqbal, 556 U.S. 662 (2009), and its predecessor, Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), provide a more rigorous test for complaints than that previously applied in this Circuit. The court will review this motion to dismiss under that stricter standard, although it considers well-pleaded facts and the reasonable inferences drawn from them in the light most favorable to the Trustee when determining whether the complaint states a plausible claim to relief. Reger Dev., LLC v. National City Bank, 592 F. 3rd 759, 763 (7th Cir.), cert. denied, 561 U.S. 1026 (2010). Although well-pleaded facts are viewed in a plaintiff's favor, allegations that are no more than conclusions are not presumed to be true for purposes of deciding this motion to dismiss.

## Dennis' request to dismiss Count V is granted.

Pursuant to Count V, the Trustee seeks a finding that Dennis usurped a business opportunity belonging to Concepts.

> The corporate opportunity doctrine provides that a fiduciary cannot usurp a business opportunity that was developed through the use of corporate assets. The doctrine prohibits a corporation's fiduciary from taking advantage of business opportunities that are considered as "belonging" to the entity. A corporate opportunity is defined as a proposed activity that is reasonably incident to the corporation's present or prospective business and in which the corporation has the capacity to engage. When a corporate fiduciary wants to take advantage of a business opportunity that is within the company's line of business, the fiduciary must first disclose and tender the opportunity to the corporation before he or she

6

takes advantage of it, notwithstanding the fiduciary's belief that the corporation is legally or financially incapable of taking advantage of the opportunity.

Anest v. Audino, 332 Ill. App. 3rd 468, 477–78 (Ill. App. Ct.) (citations and quotation omitted), appeal denied, 202 Ill. 2nd 598 (Ill. 2002).

In order for the Trustee's claim for usurpation of corporate opportunity to survive Dennis' motion to dismiss, his complaint must plausibly allege that Dennis: (1) was a fiduciary of Concepts; (2) took advantage of a corporate opportunity that belonged to Concepts; and (3) failed to disclose and tender the opportunity to Concepts before taking advantage of it.

Dennis argues that it was impossible for her to usurp any of Concepts' business opportunities. First, she was only general counsel to the Debtor, and not an officer or director. Therefore, she was not a fiduciary of Concepts. Dennis appears to have dropped this argument since it is not mentioned in her reply, and the court will not address it.[4]

Second, the definition of corporate opportunity includes the requirement that the proposed activity is one in which the corporation has the capacity to engage. Anest, 322 Ill. App. 3rd at 478. Dennis argues that Concepts did not have the capacity to open new restaurants as of 2012. By that time Concepts was insolvent, unable to pay its debts as they came due, and landlords were pursuing Concepts due to tenant defaults.

The Trustee responds to this argument by asserting that a fiduciary must first disclose and tender a business opportunity to its corporation, "notwithstanding the fact that the fiduciary may have believed that the corporation was legally or financially incapable of taking advantage of the opportunity." In re DeMert & Dougherty, Inc., 271 B.R. 821, 848 (Bankr. N.D. Ill. 2001) (citation omitted). A "belief on the part of the fiduciary that the corporation cannot engage in the

---

[4] "General counsels, as corporate officers and as members of the bar, have a great responsibility to ensure that rates charged their client reflect the exercise of the highest standards of fiduciary duty . . .". Metavante Corp. v. Emigrant Sav. Bank, 619 F. 3rd 748, 776 (7th Cir. 2010), cert. denied, 563 U.S. 903 (2011).

business opportunity is not a substitute for the fiduciary's duty to present the question to the corporation for the corporation's independent evaluation." In re H. King & Assoc., 295 B.R. 246, 269 (Bankr. N.D. Ill. 2003) (citation omitted).

There are no allegations in the Amended Complaint regarding Dennis' beliefs about Concepts' ability to take advantage of the opportunities to develop the restaurants. Instead, the Trustee has alleged that Concepts: was insolvent; was the guarantor for various leases where tenants were defaulting; bounced well over 100 checks; was unable to pay its bills as they came due; and was experiencing a worsening financial condition over time. Dennis asks the court to infer from these allegations that Concepts was unable to develop restaurants. Regardless of what Dennis' belief at the time might have been, she urges the court to conclude that the Trustee's allegations could mean that Concepts objectively lacked the ability to create and maintain new restaurants.

On a motion to dismiss, however, all reasonable inferences must be drawn in favor of the non-moving party, in this case the Trustee. Although he has alleged that Concepts was insolvent as of January 2012, the Trustee contends that this does not mean that Concepts was unable to take advantage of corporate opportunities. After all, it continued to provide services to the Restaurant Group, pay expenses for the HoldCos and pay rent for the Pickwick Property.[5]

Based on the Trustee's allegations that Concepts continued to perform these activities, it is reasonable for the court to infer at this stage of the proceedings that Concepts could have continued to develop restaurants. This inference is in the Trustee's favor, which is appropriate when deciding a motion to dismiss.

---

[5] The Trustee also asserts in his brief that Concepts paid hundreds of thousands of dollars for the buildout of Park Tavern Rosemont. The Third Amended Complaint does not allege exactly when Concepts paid for the buildout, or whether it occurred after January 2012. See ¶ 107.

Nevertheless, even taking the well-pleaded allegations of the complaint as true and drawing all inferences in his favor, the Trustee cannot state a claim against Dennis.

> As a general rule, corporate officers and directors, so long as they act in good faith toward their company and its associates, are not precluded from engaging in a business similar to that carried on by their corporation, either on their own behalf or for another corporation of which they are likewise directors or officers. . . . The ultimate determination of whether employees or officers have breached their fiduciary duties to their employers by preparing to engage in a competing enterprise must be grounded upon a thorough examination of the facts and circumstances of each particular case.

3 William M. Fletcher, Fletcher Cyclopedia of the Law of Corporations § 856 (2010 rev. vol.) (footnotes omitted).

Taking all of the allegations against Dennis as true, the Trustee has alleged only that while Dennis was the general counsel of Concepts, she and Greenfield pursued new restaurant ventures outside of Concepts. There are a total of four restaurants that the Trustee lumps under the term "New Greenfield-Dennis Restaurant Ventures." All we know from the complaint is that Dennis, with Greenfield's wife, is a member of an LLC that owns one of the restaurants, and that she helped to "develop" three other restaurants.

None of the allegations against Dennis raise the inference that she engaged in wrongful behavior. The closest the Trustee comes to this is in paragraph 215 of the Third Amended Complaint: "Concepts did provide . . . development services and other Common Concepts Services to the New Greenfield-Dennis Restaurant Ventures. Moreover, on information and belief, Concepts was the ultimate source of funds for at least some of these Ventures' development expenses . . .".

So the Trustee alleges that Concepts provided services and possibly also funds to restaurants to which Dennis had a connection. But as to Dennis, the complaint alleges only that she partially owned one restaurant and that she "developed" restaurants. Where are the

9

allegations supporting a claim that Dennis acted wrongfully? Especially since Greenfield was involved with these restaurants, and even drawing all reasonable inferences in the Trustee's favor, there is no basis to infer from the scanty allegations against Dennis that, for example, <u>she</u> solicited Concepts customers or employees, or that <u>she</u> used Concepts' facilities or equipment to assist her in developing the new businesses. <u>See Rensch ex rel. Nominal Defendant Northern Oil & Gas, Inc. v. Reger</u>, 2012 WL 1593237, *5 (D. Minn. May 7, 2012) ("In short, a usurpation claim requires some <u>wrongful</u> conduct by the alleged usurper. And the mere fact that corporate officers or directors establish additional businesses similar to that of the corporation is not necessarily wrongful.") (citation omitted) (emphasis in original).

Since there are insufficient allegations to form a basis for concluding that Dennis acted wrongfully, the Trustee cannot maintain a claim for usurpation of corporate opportunity against her. Dennis' motion to dismiss Count V will be granted.

<u>Consulting's request to dismiss Count VI is granted.</u>

Pursuant to Count VI, the Trustee seeks a finding that R Consulting aided and abetted Dennis in her usurpation of a corporate opportunity.

Since the court found that the Trustee failed to state a claim against Dennis for usurpation of corporate opportunity, he has also failed to state a claim against Consulting for aiding and abetting a breach of fiduciary duty. Therefore, Consulting's motion to dismiss Count VI will be granted.

Having granted the motion to dismiss Count V and Count VI for failure to state a claim, the court need not consider movants' arguments under the <u>in pari delicto</u> defense.

## CONCLUSION

For the reasons stated above, the court grants Rachel Dennis and R Consulting's motion to dismiss Counts V and VI.

Date: 12-13-2018

PAMELA S. HOLLIS
United States Bankruptcy Judge